```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

In re DHB INDUSTRIES, INC. CLASS ACTION
LITIGATION

NECA-IBEW PENSION FUND (THE DECATUR
PLAN), RS HOLDINGS GROUP, Lead Plaintiffs,
on behalf of themselves and all others
similarly situated,

                Plaintiffs,
                                                MEMORANDUM & ORDER
        -against-                               05-CV-4296(JS)(ETB)

DHB INDUSTRIES, INC., DAVID H. BROOKS,
TERRY BROOKS, DAVID BROOKS INTERNATIONAL
INC., ANDREW BROOKS INTERNATIONAL INC.,
ELIZABETH BROOKS INTERNATIONAL INC.,
SANDRA HATFIELD, DAWN M. SCHLEGEL, CARY
CHASIN, JEROME KRANTZ, GARY NADELMAN and
BARRY BERKMAN,

                Defendants.
----------------------------------------x

In re DHB INDUSTRIES, INC. DERIVATIVE
LITIGATION

THOMAS HUSTON, derivatively on behalf of
DHB Industries, Inc.,

                Plaintiff,
                                                ORDER
        -against-                               05-CV-4345(JS)(ETB)

DHB INDUSTRIES, INC., as a nominal
defendant, DAVID H. BROOKS,  SANDRA
HATFIELD, DAWN M. SCHLEGEL, JEROME
KRANTZ, GARY NADELMAN, CARY CHASIN,
BARRY BERKMAN, and LARRY ELLIS,

                Defendants.

----------------------------------------x

APPEARANCES:

For Plaintiffs:         Samuel H. Rudman, Esq.
```

|                           | William S. Lerach, Esq.<br>Lerach Coughlin Stoia Geller Rudman & Robbins LLP<br>200 Broadhollow Road, Suite 406<br>Melville, New York 11747 |
|---|---|
| For Defendants: | |
| David H. Brooks,<br>Sandra Hatfield: | Christopher Neil Gray, Esq.<br>Milbank Tweed Hadley & McCloy LLP<br>One Chase Manhattan Plaza<br>New York, New York 10005 |
| Dawn Schlegel: | Justin Vaun Shur, Esq.<br>Celia Cohen, Esq.<br>Stephen Gary Kobre, Esq.<br>Kobre & Kim LLP<br>800 Third Avenue<br>New York, New York 10022 |
| DHB Industries Inc.,<br>David Brooks International Inc.,<br>Andrew Brooks International Inc.,<br>Elizabeth Brooks International Inc.: | David Paul Kasakove, Esq.<br>Howard M. Rogatnick, Esq.<br>Bryan Cave LLP<br>1290 Avenue of the Americas<br>New York, New York 10104 |
| Cary Chasin,<br>Jerome Krantz, Gary Nadelman, Barry Berkman: | Mark Holland, Esq.<br>Mary K. Dulka, Esq.<br>Clifford Chance US LLP<br>31 West 52nd Street<br>New York, New York 10019 |

SEYBERT, District Judge:

## **INTRODUCTION**

Pending before this Court are Magistrate Judge E. Thomas Boyle's Report and Recommendation, dated February 2, 2007

2

("Report") and objections to the Report filed by Lena Bedik pursuant to FED. R. CIV. P. 72(b). For the reasons below, the Court ADOPTS the Report in its entirety.

**LEGAL STANDARD**

A district court reviews a magistrate judge's report under the standards established in 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). The district judge makes a de novo determination of those parts of the Report to which a timely written objection has been made by any party but may adopt the uncontested portions of the Report unless they show clear error. See Thomas v. Arn, 474 U.S. 140, 151-52, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); Tapia-Garcia v. United States, 53 F. Supp. 2d 370, 373 (S.D.N.Y. 1999). Such de novo review does not entirely replace the Report.

**BACKGROUND**

On September 9, 2005, Plaintiffs commenced this securities class action against DHB Industries, Inc. ("DHB") and its principals on behalf of those who purchased DHB stock between April 21, 2004 and August 29, 2005. Several actions followed, but lead counsel and lead plaintiffs were ultimately appointed. On March 20, 2006, Lead Plaintiffs filed a consolidated amended complaint ("CAC"). The CAC claims that the Defendants engaged in a fraudulent securities scheme and course of business, in violation

of Section 10(b), Rule 10b-5, Section 20(a), Section 14(a) and Rule 14a-1 of the Exchange Act.  (CAC ¶¶ 178-98.)

Seven months later, on October 18, 2006, Ms. Lena Bedik ("Bedik") moved to intervene.  The Court referred this motion to Magistrate Judge Boyle on December 20, 2006.  On February 2, 2007, the Magistrate filed his Report and recommended that this Court deny Bedik's motion to intervene.  On February 16, 2007, Bedik timely filed her objections to the Report.  Several parties replied to Bedik's objections.

During this time, on December 15, 2006, Lead Plaintiffs moved for preliminary approval of class action settlement.  On January 26, 2007, the Court held a hearing regarding the preliminary approval but reserved on ruling.  At this hearing, Bedik appeared and argued.  On January 29, 2007, the Lead Plaintiffs requested to withdraw their motion so that they could comply with certain notification provisions of the Class Action Fairness Act ("CAFA").  On February 9, 2007, this Court granted that request and the motion for preliminary approval of the class action settlement was deemed withdrawn without prejudice.

On March 13, 2007, Lead Plaintiffs then re-filed their motion for preliminary approval after complying with CAFA.  On May 29, 2007, the Court held a second conference, and at this conference, the Court preliminarily approved the settlement pending filing of revised notices.  After the revised notices were filed, the Court preliminarily approved the class action settlement on

4

July 3, 2007. On that same date, the Court also certified the class as those who purchased DHB stock between November 18, 2003, and November 30, 2006 ("Class"). The Court set the final settlement hearing for October 5, 2007. The Court now turns to the Report and the objections at hand.

**DISCUSSION**

In the Report, the Magistrate recommended that this Court deny Bedik's motion to intervene. First, the Magistrate recommended that Bedik should not be granted intervention as of right. He found that Bedik's ability to protect her interest is not impaired or impeded and Bedik is adequately represented. Second, the Magistrate recommended that Bedik's motion for permissive intervention should be denied.

Bedik objects to all of the Magistrate's findings. At the outset, the Court notes that Bedik does not cite to any case law in support of her objections. Further, much of Bedik's objections focus on her opposition to class certification. The Court, however, shall address each objection in turn.

I. <u>Intervention As Of Right</u>

To intervene as of right, a movant must meet four criteria: (1) the motion must be timely, (2) claim an interest relating to the property or transaction that is the subject of the action, (3) be situated in such a way that without intervention, disposition may impair the movant's interest, and (4) show that existing parties do not adequately represent the movant's interest.

5

See Butler Fitzgerald & Potter v. Sequoa Corp., 250 F.3d 171, 176 (2d Cir. 2001); Fed. R. Civ. P. 24(a). The first two criteria are not at issue, but the last two are.

   A.   Bedik's Interest Is Not Impaired.

The Court makes the same findings that the Magistrate does. Bedik's ability to protect her interest is not impaired. She is a member of the class, and she can object to the fairness of the settlement. In fact, she has already made her voice heard several times at the preliminary approval hearing. Further, Bedik can opt out of the class and bring her own lawsuit. Nothing stops her from doing this, and Bedik admits as much. Accordingly, the Court makes the same findings on this point as the Magistrate.

Bedik claims that the Magistrate's recommendation to deny Bedik's motion was incorrect because such recommendation was based upon remedies available only if the Court certified a class. At the time the Report was filed, no class was certified. However, since that time, the Court had certified the Class. Accordingly, the Court rejects this argument as moot. The remedies the Magistrate cites in his Report are available to Bedik because on July 3, 2007, the Court certified the Class.

Further, the Court already heard objections from Bedik's counsel at the two hearings for preliminary approval. Thus, to the extent that Bedik argues that the Court should hear from interested persons who are not named parties and not privy to settlement negotiations, the Court abided by this and by Rule 24. The Court

overruled Bedik's objections and certified the Class. Thus, Bedik's interests are not impaired or impeded because she has the right to object to and opt out of the settlement.

Bedik claims that her primary concern is that the Class did not meet the requirements of Rule 23. The Court already ruled on this and certified the Class. Accordingly, to the extent that Bedik based her motion to intervene upon her objections to Class certification, those objections are rendered moot. Lastly, Bedik rejects the Magistrate's supporting case law, but she does not provide any case law supporting her rejections. Thus, Bedik's opposition to the Magistrate's reliance upon certain case law is without merit.

B. Bedik's Interest Is Adequately Represented.

Next, Bedik claims that her interest is not adequately represented. She claims that her interests are not aligned with those of Lead Plaintiffs. Further, Bedik states that her interests are of those people who "are being pushed aside and ignored."

Showing inadequacy of representation is minimal. But when a putative intervenor has the "same ultimate objective" or when there is an "identity of interest," the burden is on the movant to rebut the presumption of adequate representation. See Butler Fitzgerald & Potter, 250 F.3d at 179-80.

According to Bedik's Complaint-in-Intervention, Bedik purchased DHB stock on seven different dates: October 24, 2003, November 3, 11, and 12, 2003, June 18, and 30, 2004, and December

28, 2004. (Bedik's Mem. Ex. 1, ¶ 5.) Bedik thus is a member of the Class, which covers those that purchased DHB stock between November 18, 2003, and November 30, 2006. Bedik's first four purchases of DHB stock, however, fall outside the Class Period.

The Court finds that Bedik's interest and the Class interest are ultimately the same. Both want to recover for alleged securities violations under several statutes. While Bedik may not recover for all of her DHB stock purchases, this does not render their interests uncommon. Further, Bedik is free to bring her own lawsuit for those DHB stock purchases outside the Class Period. And to the extent she states claims against auditors who are unnamed defendants in this matter, she can pursue her own lawsuit against the auditors as well. Accordingly, the Court adopts the Magistrate's findings in this respect and rejects Bedik's objections.

Bedik's last objection - that she is entitled to permissive intervention - is without merit as well. Bedik fails to cite any case law that she is entitled to such intervention. The Court has discretion to grant a party permissive intervention. See U.S. Postal Serv. v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978). The Court must consider whether intervention would "unduly delay or prejudice the adjudication of the rights of the original parties and how the putative intervenor would benefit from the intervention. Id. The Court has set the final fairness settlement hearing for October 5, 2007. Allowing intervention at this point

would unduly delay settlement of this matter. Further, the Court fails to see how Bedik would benefit from the intervention. Accordingly, the Court rejects Bedik's objections on this point as well.

## CONCLUSION

The Court ADOPTS the Magistrate's Report in its entirety. The Court DENIES Bedik's motion to intervene.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
September_30, 2007