```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
In re DHB INDUSTRIES, INC. CLASS
ACTION LITIGATION AND DHB INDUSTRIES,           MEMORANDUM & ORDER
INC. DERIVATIVE ACTION                          05-CV-4296 (JS)(ETB)

----------------------------------------x
APPEARANCES:
For Movant
Benjamin Karp:        Catherine A. Torell, Esq.
                      Cohen, Milstein, Sellers & Toll, P.L.L.C.
                      150 East 52nd Street
                      New York, NY 10022

Movant
Brian C. Gordon       Mario Alba, Jr., Esq.
                      Coughlin Stoia Geller Rudman & Robbins, LLP
                      58 South Service Road
                      Melville, NY 11747

Laustsen Investors
Group                 Joel B. Strauss, Esq.
                      Kaplan, Fox & Kilsheimer, LLP
                      805 Third Avenue, 22nd Floor
                      New York, NY 10022

Plaintiffs            Keith Park, Esq.
                      Coughlin Stoia Geller Rudman & Robbins, LLP
                      655 West Broadway
                      San Diego, CA 92101

                      Samuel H. Rudman, Esq.
                      Coghlin, Stoia, Geller, Rudman, and Robbins
                      58 South Service Road
                      Melville, NY 11747

Intervenor
Plaintiff
Lena Bedik:           David A.P. Brower, Esq.
                      Brower Piven
                      488 Madison Avenue, 8th Floor
                      New York, NY 10022

                      Kim Elaine Miller, Esq.
                      Kahn Gauthier Swick, LLC
                      12 East 41st Street, 12th Floor
                      New York, NY 10017
```

```
Defendant
DHB Industries     David Paul Kasakove, Esq.
                   Bryan Cave, LLP
                   1290 Avenue of the America
                   New York, NY 10104

David H. Brooks    Christopher Neil Gray, Esq.
                   George S. Canellos, Esq.
                   Milbank Tweed Hadley & McCloy, LLP
                   One Chase Manhattan Plaza
                   New York, NY 10005

Sandra Hatfield    Roland G. Riopelle, Esq.
                   Sercarz & Riopelle, LLP
                   152 West 57th Street, 24th Floor
                   New York, NY 10019

Dawn M. Schlegel   Justin Vaun Shur, Esq.
                   Kobre & Kim, LLP
                   800 Third Avenue
                   New York, NY 10022
```

SEYBERT, District Judge:

On June 25, 2008, this Court held a final fairness hearing approving the settlement of this action. At that hearing, the Court granted Objector Lena Bedik's ("Bedik") application for leave to file a motion for attorneys' fees. Pending before the Court is Bedik's application for attorneys' fees and expenses.

## DISCUSSION

"Objector's Counsel 'are entitled to an allowance as compensation for attorneys' fees and expenses where a proper showing has been made that the settlement was improved as a result of their efforts.'" In re Elan Sec. Litig., 385 F. Supp. 2d 363, 377 (S.D.N.Y. 2005) (quoting White v. Auerbach, 500 F.2d 822, 828 (2d Cir. 1974)).

During the final fairness hearing, Bedik argued that her efforts in noting Defendants' failure to comply with CAFA resulted in the mailing of CAFA notices to various parties. Bedik maintains that compliance with CAFA resulted in the Department of Justice's involvement in this matter. The Department of Justice ultimately objected to an earlier draft of the settlement agreement, which resulted in the addition of language regarding the rights of the United States under the settlement.

Bedik argued that she also contributed to the Settlement in other manners, including bringing to the parties' attention the unduly high award for the lead Plaintiffs in an earlier draft of the settlement agreement.

The Court rejected the majority of Bedik's arguments, and held that most of Bedik's numerous objections in this case did not improve the settlement. However, the Court found that Bedik had one meritorious argument: she brought the issue of CAFA and its requirements to the parties' attention. The Court found that Bedik's CAFA objection improved the settlement, and accordingly granted Bedik's application for leave to file a motion for attorneys' fees, but cautioned that the fee application should be limited in scope. The Court warned that the application should only address the hours spent by counsel in researching CAFA and arguing its applicability.

Bedik submitted an application requesting attorneys' fees

in the amount of $187,488.14 and expenses in the amount of $2,795.62. Bedik represents that attorneys from the law firms of Kahn, Gauthier Swick, LLC. and Brower Piven worked on this matter. Bedik seeks $595.00 per hour for eighteen hours of work by Kim E. Miller, a Partner at the firm, $425.00 per hour for 7.5 hours of work by Catherine R. Gauthier, an Associate, and $200.00 per hour for .55 hours of work by a paralegal. The law firm of Brower Piven states that .30 hours were spent by Charles J. Piven at the rate of $625.00 per hour, 21.35 hours were spent by David Brower, at $695.00 per hour, .60 hours were spent by Elizabeth A. Schmidt, at $350.00 per hour. Brower Piven also submits a fee for "other hours."

In calculating an award of attorneys' fees in common fund cases, district courts must consider whether the fee is reasonable, utilizing the following criteria: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Res., 209 F.3d 43, 50 (2d Cir. 2000). "In determining a presumptively reasonable fee, the essential calculation is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Margel v. E.G.L. Gem Lab Ltd., 2009 U.S. Dist. LEXIS 9357, at * 4-5 (S.D.N.Y. Feb. 6, 2009).

4

The Court finds that Bedik's request is unreasonable. At the outset, although her objection led to compliance with CAFA, it did not have a significant effect on the settlement. Additionally, although CAFA was a novel law at the time of this settlement, it is not unduly complex. Even a cursory review of the hours expended by counsel reveal that counsel has spent an inordinate time on a discrete issue. Counsel utilized partners to perform a majority of the work, when it is clear to the Court that even a first-year associate is capable of researching CAFA and its applicability. See Beane v. Bank of N.Y. Mellon, No. 07-CV-9444, 2009 U.S. Dist. LEXIS 27504, at * 20-21 (S.D.N.Y. Mar. 31, 2009) ("'It appears that some of the work done by senior attorney[s] . . . could have been performed by a junior attorney' at a lower billing rate.") (quoting Rosso v. PI Mgmt. Assoc., No. 02-CV-1702, 2006 U.S. Dist. LEXIS 27127, at *11-12 (S.D.N.Y. May 5, 2006)).

The Court finds that a total of twenty hours is a more than reasonable amount of time to spend on researching and understanding CAFA, and arguing its applicability to this case. Additionally, the majority of the research should have been expended by a junior associate. The Court finds that fifteen hours of work by a junior associate and five hours of work by a partner is sufficient, and therefore awards $9,500.00 in attorneys' fees, which is the sum of fifteen hours multiplied by $425.00, a reasonable rate for a junior associate, and five hours multiplied

by $625.00 for a partner's work.  The Court declines to apply a multiplier.

The Court has reviewed counsels' request for costs, and finds that the request for transportation costs, transcripts, reproductions costs, and Lexis Research costs is appropriate.  The Court thus grants expenses in the amount of $2,795.62.  The total award of expenses and fees for Bedik is therefore $12,295.62.

## CONCLUSION

For the reasons stated above, the Court GRANTS Bedik $12,295.62 in attorneys' fees and expenses.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         March 31, 2009