**ROBBINS GELLER RUDMAN & DOWD LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Samuel H. Rudman
srudman@rgrdlaw.com

November 9, 2018

<u>VIA ECF</u>

Honorable Joanna Seybert
United States District Court
Eastern District of New York
Alfonse M. D'Amato Federal Bldg.
100 Federal Plaza
Central Islip, NY  11722

Re: *In re DHB Industries Inc. Class Action Litigation*,
   No. 05-cv-04296-JS-ETB

Dear Judge Seybert:

We are co-lead counsel for Lead Plaintiffs in the securities class action referenced above (the "Class Action"). As the Government recently informed the Court in the criminal action (ECF No. 1981),[1] an agreement among the Government, the Brooks Family, the Brooks Estate, Lead Plaintiffs (on behalf of themselves and the certified Class), and others has now been embodied in a fully executed Global Settlement Agreement.[2] We write concerning the impact of the Global Settlement Agreement on the Supplemental Settlement Agreement that Your Honor approved in the Class Action on August 18, 2015 (ECF No. 457).

As Your Honor will recall, the goal of the Supplemental Settlement Agreement was, *inter alia*, to effectuate the terms of an earlier Stipulation and Agreement of Settlement, dated as of November 30, 2006 (the "Prior Settlement"), to resolve all issues between the Class and the Debtor company involving their competing claims, and to provide for the disposition of any additional funds that might become available to the Class. Although the Prior Settlement was intended to provide the Class with, *inter alia*, a cash benefit of $34,900,000, less attorneys' fees and expenses,

---

[1] *United States v. Sandra Hatfield, David H. Brooks and Patricia Lennex*, Crim. Docket No. 06-0550 (S-2) (JS).

[2] The Global Settlement Agreement resolves the Civil Forfeiture Action, the Derivative Action, the Class Action, the SEC Action, and all other related claims and disputes pending among and between the Parties to the Agreement in connection with the facts at issue in those proceedings and the Bankruptcy Proceeding, as those terms and proceedings are defined in the Global Settlement Agreement.

**Robbins Geller Rudman & Dowd LLP**

Honorable Joanna Seybert
November 9, 2018
Page 2

to be distributed pursuant to a plan of allocation approved by the Court (the "Plan of Allocation"), a series of unanticipated events, including DHB's bankruptcy, prevented the distribution of those benefits. Now, through the Global Settlement Agreement, a pool of money will finally be available for distribution to the members of the Class who submitted a valid, recognized claim in the Class Action on or before January 26, 2018. Although the exact amount of the ultimate distribution to the Class is subject to certain variables, and therefore not yet determined, it will exceed the original cash amount of $34,900,000 by tens of millions of dollars, and thereby more fully compensate Class Members for their losses, as determined by the Plan of Allocation previously approved by the Court.

This is an outstanding result for the Class, and we are working with the Class Action claims administrator to provide all the information the Government needs to be able to facilitate a distribution. Because each Class Member will receive its pro-rata share of every dollar to be remitted by the Government, and the Class was previously sent the Court-approved notice of the Supplemental Settlement Agreement, we do not believe there is any need for any additional notice to the Class or intervention by the Court, although we are happy to discuss that matter – and any others that may occur to the Court – at the Court's convenience.[3]

                              Respectfully submitted,

                              */s/ Samuel H. Rudman*

                              Samuel H. Rudman


                              Respectfully submitted,

                              */s/ Ira A. Schochet*

                              Ira A. Schochet
                              LABATON SUCHAROW

cc: All counsel of record via the ECF system

---

[3] Some form of notice to the Class would likely be necessary if Plaintiffs' counsel later determine to request a further award of fees and expenses, taking into account the substantial additional benefit to the Class flowing from the Global Settlement Agreement, as well as the ongoing efforts of counsel and the time expended over the last decade to get us to this point. Such an award would not, however, impact the Government's remission award to the Class by even a dollar. The Class would still get the full benefit of that award.